IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILTON CRUZ, | ) | |
|        Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 05-340 Erie |
| | ) | |
| FCI MCKEAN STAFF, et al., | ) | District Judge Cohill |
|        Defendants. | ) | Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that Defendants' motion to dismiss, or in the alternative, motion for summary judgment [Document # 16] be granted.

### II.    REPORT

On November 14, 2005, Plaintiff Milton Cruz, an inmate incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed this *pro se* civil rights action pursuant to Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Named as Defendants are James F. Sherman, Warden at FCI McKean, as well as various members of the staff at FCI-McKean, identified as:  Ms. Murphy ("Murphy"); Mr. Shaffer ("Shaffer"); and Mr. Grimm ("Grimm").

Plaintiff alleges that Defendants violated his due process rights when he was removed from his prison job assignment as a sanction for violating prison rules. (Complaint at Section IV.C).  As a result, Plaintiff seeks injunctive relief to have the underlying incident report removed from his record and to have him transferred to another institution..

Defendants have filed a motion to dismiss [Document #16] claiming that Plaintiff has failed to state a claim upon which relief may be granted.  Despite having been granted ample time to respond to Defendants' motion, Plaintiff has failed to do so.  This matter is now ripe for

consideration.

### A.   Relevant Factual History

On or about June 2, 2005, Plaintiff was in his housing unit A-A waiting to be released to the cafeteria for his noon meal. (Incident Report attached as Exhibit 3 to Document # 17).  At approximately 11:35 a.m., Plaintiff asked Defendant Shaffer, a Corrections Officer, if he could leave his unit early so that he could attend an open house at the Receiving and Diagnostic office. (Id.).  Defendant Shaffer denied Plaintiff's request and informed Plaintiff that he could go to the open house when he was released for his noon meal. (Id.).  Nonetheless, shortly after denying Plaintiff's request, Defendant Shaffer observed Plaintiff sneaking out of his unit and attempting to proceed through an adjoining housing unit. (Id.).  Realizing that he was seen by Defendant Shaffer, Plaintiff immediately returned to his housing unit. (Id.).  That same day, Defendant Shaffer completed an incident report, charging Plaintiff with "refusing to obey an order of any Staff member." (Id.).

On June 3, 2005, the Unit Disciplinary Committee ("UDC") convened to hear the incident report. (Id.).  During the hearing, Plaintiff admitted "[t]he report is true.  I'm impatient.  I did do it.  When I returned, the officer gave me a verbal warning and I thought it was over." (Id.).  As a result of Plaintiff's rules violation, and his subsequent admission, the UDC disciplined him by removing him from his job assignment as an Orderly in housing unit A-A "for no less than 1 year." (Id.).  Nevertheless, four days later, on June 7, 2005, Plaintiff was assigned a new position as an Orderly in the recreation department. (Declaration of Roberta Truman attached as Exhibit 1 to Document # 17, at ¶ 5).

### B.   Standards of Review

#### 1.   Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

2

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

      Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974).  However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.  See Swierkiewicz.

### 2. Summary Judgment

      Federal Rule of Civil Procedure 56(c)  provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is

a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v.

DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C. Discussion

Plaintiff claims that his right to due process was violated by Defendants' actions.  However, his assertions, taken as true, do not state a violation of his due process rights, either procedurally or substantively.  "Due process" is guaranteed through the fourteenth amendment to

the United States Constitution. The pertinent language of the Amendment provides as follows.

> Section 1.     All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; <u>nor shall any State deprive any person of life, liberty, or property, without due process of law</u>; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. Amend. XIV, § 1 (emphasis added).

The Due Process Clause was promulgated to secure the individual from the arbitrary exercise of the powers of government.

### 1.     **Procedural Due Process**

The procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing, before the government can deprive an individual of a liberty or property interest. To establish a procedural due process violation, a person must demonstrate that he has been deprived of a constitutionally-protected property or liberty interest. <u>Daniels v. Williams</u>, 474 U.S. 327, 339 (1986). If a person does not have a constitutionally-protected interest, he or she is not entitled to the procedural protections afforded by the Due Process Clause.

A constitutionally-protected interest may arise either from the Due Process Clause itself, or from a statute, rule, or regulation. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466 (1983). A liberty interest "inherent" in the Constitution arises when a prisoner has acquired a substantial, although conditional, freedom such that the loss of liberty entailed by its revocation is a serious deprivation requiring that the prisoner be accorded due process. <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 781 (1973). It is well-settled within this Circuit that an inmate has no liberty or property interest in his prison job assignment arising from the Due Process Clause itself, or from any federal statute or prison regulations. <u>James v. Quinlan</u>, 866 F.2d 627, 630 (3d Cir. 1989); <u>see also</u> <u>Parke v. Guarini</u>, 1997 WL 129015, at *3 (E.D.Pa. 1997). Furthermore, Plaintiff cannot

show that the loss of his prison job was an "atypical and significant hardship in relation to the ordinary incidents of prison life," such that a liberty interest was created. Sandin v. Conner, 515 U.S. 472, 484 (1995). Thus, Plaintiff cannot support a claim based upon a violation of his procedural due process rights.

### 2. Substantive Due Process

The constitutional right to "substantive due process" protects individuals against arbitrary governmental action, regardless of the fairness of the procedures used to implement them.[1] The Supreme Court has declined to set forth a precise rule that defines the scope of impermissible "arbitrary" conduct for purposes of applying the substantive component of the Due Process Clause. Nonetheless, the Court clarified that governmental conduct does not violate a person's substantive due process rights unless it amounts to an abuse of official power that "shocks the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

Liberally construed and taken as true, Plaintiff's allegations contain no suggestion of arbitrary or capricious behavior by the Defendants that would rise to the level of a constitutional violation. Plaintiff does not allege that he was removed from his prison job assignment based on unconstitutional criteria such as race, religion, or retaliation. In fact, Plaintiff was re-assigned to another prison job only four days after he was removed from his previous job as a result of the sanction he challenges here. Thus, Plaintiff has failed to demonstrate that he is entitled to relief under the substantive prong of the Due Process Clause.

---

[1] See also Collins v. Harker Heights, 503 U.S. 115, 126 (1992) (the Due Process Clause was intended to prevent government officials from abusing power, or employing it as an instrument of oppression); Wolff v. McDonnell, 418 U.S. 539, 558 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government.").

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss, or in the alternative, motion for summary judgment [Document # 16] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


                                                               S/Susan Paradise Baxter
                                                               SUSAN PARADISE BAXTER
                                                               Chief United States Magistrate Judge

Dated: December 13, 2006

cc:    The Honorable Maurice B. Cohill
        United States District Judge